The primary issues presented by this appeal are:
 (1) The propriety of the trial court's granting of summary judgment; *Page 828 
 (2) The correctness of the trial court's exclusion of evidence under the dead man's statute;
 (3) The extent of liability of a guarantor to pay overdrafts of a corporation, when the overdrafts were caused by the bank's honoring checks with only one signature, when a corporate resolution required at least two signatures.
The Bank of the Southeast filed suit against five individual guarantors, each a director and stockholder of Wilkline Industries, Inc., to collect Thirty-eight Thousand Seven Hundred Thirty-three and Ninety-four one-hundredths Dollars ($38,733.94) the Bank claimed was owed by Wilkline for overdrafts drawn on Wilkline's checking account and honored by the bank.
The guarantors answered the Bank's claim and denied liability on the ground that the Bank improperly honored checks containing only one signature, in direct violation of a corporate resolution on file with the Bank.
Counsel for the Bank and counsel for the guarantors took the depositions of all named defendants, including Paul C. Burke, who died during the pendency of the action. Barbara Wade Burke, executrix of the estate of Paul C. Burke, deceased, was substituted as a party-defendant. Counsel for the parties also took the deposition of Whit Walter, a former employee of the Bank who had been charged with the responsibility of handling all of the Bank's dealings with Wilkline and the guarantors.
The guarantors filed a Motion for Summary Judgment and offered in support of their motion the affidavits of James T. Johnson, III and Edward P. Gregg, the deposition of Whit Walter and a resolution adopted by the stockholders and directors of Wilkline on July 1, 1976, which required that all checks drawn on the account of Wilkline be signed by at least two of the following named persons: Dean Wilkerson, Wilkline's president, Paul C. Burke or James T. Johnson, Jr. In opposition to the motion, the Bank offered the depositions of Whit Walter and Paul C. Burke. At the hearing, counsel for the guarantors argued that a resolution passed by the stockholders and officers of Wilkline, and delivered to the Bank immediately after its passage, dictated that the Bank not honor any Wilkline check with less than two authorized signatures; that following delivery of the resolution, the Bank disregarded the resolution and honored checks with only one signature; that the money the Bank was seeking to recover resulted from the unauthorized honoring by the Bank of Wilkline checks with only one signature; and that since the Bank had acted without authorization, the guarantors could not be held responsible for repayment of the overdraft. Counsel for the Bank argued that following delivery of the resolution to the Bank, Whit Walter had been advised by Paul C. Burke, the secretary-treasurer, as well as a stockholder and director of Wilkline, to disregard the resolution and accept checks with only one signature. The testimony of Walter and Burke regarding the alleged transaction is in direct conflict.
Following the hearing on the Motion for Summary Judgment, the trial court granted summary judgment in favor of each defendant. The trial judge determined:
 "The matter has been duly argued by the attorneys and the Court is of the opinion that all of the evidence is to the effect that the checks involved in this litigation cleared the bank subsequent to the delivery of the resolution to the bank and, therefore, the bank honored the checks with only one signature which was contrary to the resolution which had been passed and delivered to the bank.
 The plaintiff contends that Whit Walters (sic) made some statements pertaining to a conversation allegedly had with Paul C. Burke contending that Mr. Burke waived the effectiveness of the resolution. The Court doubts that this testimony is sufficient to make a jury issue if it is admissible, but Mr. Burke is now deceased and his estate is interested in the outcome of the case and, therefore, this testimony would not be admitted and it is not proper for the Court to consider it on *Page 829 
the motion for summary judgment since it violates the dead man's statute. Insofar as the Court can determine this is the only evidence that could conceivably establish a jury issue and since the Court holds, as a matter of law, that it is not admissible, the Court finds that there is no genuine dispute as to any material issue in the case and that the defendants are entitled to a judgment as a matter of law."
Did the trial judge err in holding that the testimony of Whit Walter was inadmissible to defend against the guarantors' Motion for Summary Judgment because of the dead man's statute? We think the learned trial judge did err because under the facts of this case, Whit Walter had no pecuniary interest in the result of the action or proceeding, and assuming arguendo that Whit Walter did have a pecuniary interest in the outcome of the suit, the guarantors waived the incompetency of Whit Walter to testify by offering or introducing in evidence Walter's entire deposition in support of their Motion for Summary Judgment.
In order for a witness to be incompetent to testify concerning transactions with or statements made by a deceased person, the dead man's statute requires that such witness have ". . . a pecuniary interest in the result of the action or proceeding. . . ." Code 1975, § 12-21-163. An officer or employee of a party who resigns his employment before trial or a deposition hearing does not have a pecuniary interest in the outcome of the suit that will disqualify him from testifying about a transaction with or statement made by a deceased person. Sheppard v. T.R. Miller Mill Company, Inc.,332 So.2d 374 (Ala. 1976).
In order for the dead man's statute to disqualify a witness from testifying about his dealings with a deceased individual, three criteria must be met: (1) the estate of the deceased must be interested in the outcome of the suit; (2) the witness must have a pecuniary interest in the result of the proceedings; and (3) the testimony of the witness must relate to a personal transaction with the decedent. Taylor v. First National Bank ofTuskaloosa, 279 Ala. 624, 189 So.2d 141 (1966). Under the facts of the instant case, there is no question but that the estate of Paul C. Burke has an interest in the outcome of the present suit since his estate has been substituted as the party-defendant in lieu of the deceased and any judgment rendered in favor of the Bank will be charged against the estate to the extent of its liability under the guaranty agreement. Likewise, it is clear that testimony of Whit Walter related to a personal transaction Whit Walter had with the deceased, Paul C. Burke. With respect to the other criterion, however, Whit Walter was not an officer or employee of the Bank at the time he gave his testimony; therefore, he did not have a pecuniary interest in the outcome of the action. Consequently, the dead man's statute does not render him incompetent to testify regarding his dealings with Burke. The trial court's holding that the dead man's statute made Whit Walter's deposition testimony inadmissible was erroneous.
The trial court's ruling that Whit Walter's deposition testimony was inadmissible under the dead man's statute was also erroneous because the guarantors offered Whit Walter's entire deposition in support of their Motion for Summary Judgment. Alabama's dead man's statute specifically provides that the incompetency of a witness to testify may be waived where the witness is called to testify concerning his dealings with the deceased by the party whose interest is opposed to that of the witness. Code 1975, § 12-21-163. A waiver occurs when a party actually calls an incompetent witness to testify at trial, and it has been held that a waiver occurs when the party whose interest is opposed to that of the witness introduces in evidence answers to interrogatories propounded to the incompetent witness. See McCary v. McMorris, 265 Ala. 493,92 So.2d 319 (1957); Brett v. Dean, 239 Ala. 675, 196 So. 881
(1940).
This Court has never dealt with the question whether taking the deposition of, or serving interrogatories upon, one who would otherwise be incompetent as a witness *Page 830 
in a particular civil action will effect a waiver of that incompetency. We now hold that the voluntary act of taking the deposition of, or serving interrogatories upon, one who would otherwise be incompetent as a witness in a particular civil action does not waive the incompetency of the witness unless the deposition or answers to the interrogatories are offered or introduced into evidence in the cause. See Annotation:Deposition — Waiver of Incompetency, 23 A.L.R.3d 389.
In view of our holding, the question now is whether, upon a consideration of all the evidence, there was a genuine issue of a material fact remaining. Admittedly, the record clearly shows that there was a conflict in the evidence regarding the withdrawal of the corporate resolution which required two signatures on the checks. Whit Walter's testimony was that Paul Burke withdrew the resolution requiring two signatures and authorized the Bank to accept checks with only one signature. Paul Burke's testimony was to the effect that no such transaction took place. This dispute in the testimony, nevertheless, does not present a genuine issue of a material fact. It is a general rule that a bank may not honor checks on a corporation's checking account which do not fully comply with a corporate resolution requiring checks to be signed by a certain number of individuals. Movie Films, Inc. v. FirstSecurity Bank of Utah, N.A., 22 Utah 2d 1, 447 P.2d 38 (1968);Maley v. Eastside Bank of Chicago, 234 F. Supp. 395 (N.D.Ill. 1964). Furthermore, a bank is not entitled to rely on representations of a corporate officer which are in direct conflict with the provisions of a corporate resolution specifying the mode and manner of paying corporate checks.Rudisill Soil Pipe Co. v. First National Bank of Anniston,224 Ala. 436, 140 So. 569 (1932). Consequently, even assuming that Burke instructed the Bank to disregard the corporate resolution, the Bank was not entitled to rely on Burke's representation and by doing so, the Bank acted at its own risk in honoring checks containing less than two signatures.
The Bank concedes that the above-stated general rules of law are applicable. The Bank argues, however, that there is an exception to these general rules and that this exception is applicable in the present case.
The Bank directs this Court's attention to a line of authority holding that where a corporation's checks have been improperly cashed by a bank without the requisite number of signatures, but the proceeds of the checks have been used to discharge a liability of the corporation, the bank is entitled to recover an amount equal to the extent of the indebtedness discharged, citing B. Liggett, (Liverpool), Ltd. v. BarclaysBank, Ltd. [1928] 1 K.B. 48; 10 Am.Jur.2d, Banks § 548. SeeMovie Films, Inc. v. First Security Bank of Utah, N.A., supra.
We find the cases cited by the Bank are not persuasive under the facts of this case. The corporation, Wilkline, was not sued here, only the guarantors.
We need not decide whether the so-called "unjust enrichment exception" applies, because the corporation, to which the benefit allegedly accrued, is not a party. We do hold that under the terms of the guaranty agreement, the individual guarantors were not liable for any alleged "indebtedness" of the corporation which may have been created by the Bank's honoring checks without the requisite number of signatures, as was specified by corporate resolution.
The ultimate decision of the trial court to grant summary judgment was not improper, even though it was based on a reason other than the one which we have discussed in this opinion. It is a settled principle that if the ultimate decision of a trial court is correct, that judgment will be upheld on appeal even though the trial court gave a wrong or insufficient reason therefor. City of Birmingham v. Community Fire District,336 So.2d 502 (Ala. 1976).
The judgment of the trial court is due to be affirmed.
AFFIRMED.
JONES, EMBRY and BEATTY, JJ., concur.
TORBERT, C.J., concurs in result. *Page 831