Defendant Rainbow City, a municipal corporation, appeals from a judgment based on a jury verdict for the plaintiffs, Vernon E. Ramsey and Aubrey L. Holderfield, in the amount of $14,000.00. We affirm.
Shortly after midnight on Sunday, May 28, 1978, Vernon E. Ramsey and Aubrey L. Holderfield, occupants in Holderfield's pickup truck, struck a large "sinkhole" while proceeding on Brown Avenue, a public roadway within the city limits of Rainbow City, Alabama. Holderfield, the driver, lost control of the vehicle and struck a telephone pole, resulting in numerous injuries to each man and extensive damage to the truck.
Ramsey and Holderfield filed suit against the city of Rainbow City on December 12, 1978, alleging negligent maintenance, failure to reasonably inspect, and failure to warn the public of existing hazards. Rainbow City, in its answer, proffered a general denial, a defense of contributory negligence, and denied having any prior notice or knowledge of "any hole or crater" made the basis of plaintiffs' complaint.
On March 27, 1979, defendant Rainbow City filed a third party complaint against Watts Construction Company (Watts). Watts had a contract with the city for the installation and repair of certain sewer lines, including those lines beneath Brown Avenue. The city alleged that Watts's negligence in installing the lines and backfilling the earthen material around those lines underneath Brown Avenue resulted in a sinkhole and was the proximate cause of plaintiffs' injuries. Plaintiffs later amended their original complaint by adding Watts *Page 174 
as a defendant. The trial court disallowed the amendment on the ground that it was barred by the statute of limitations.
At trial, plaintiffs offered into evidence the deposition of Sam E. Hendon, Jr., a resident of Brown Avenue, to show that the city had notice of the sinkhole prior to May 28, 1978, date of the plaintiffs' accident. In his deposition, Hendon stated that he spoke to Rainbow City Mayor W.R. Smith by telephone on Friday afternoon, May 26, 1978, and informed Smith of a large hole in Brown Avenue, approximately five feet long by four feet wide, that posed a serious danger to people traveling that street. Subsequent to the events of May, 1978, and prior to Hendon's deposition, given in August, 1981, Smith died.
Both the city and Watts, the third party defendant, objected to Hendon's deposition on the grounds of hearsay and that it violated § 12-21-163, Ala. Code 1975, commonly known as the Dead Man's Statute. The trial court, relying on Bank of theSoutheast v. Koslin, 380 So.2d 826 (Ala. 1980), overruled the objection and admitted Hendon's deposition into evidence.
At the close of the plaintiffs' case, the trial court denied the city's motion for a directed verdict. At the close of all the evidence, however, the trial court did grant Watts's motion for a directed verdict and dismissed Watts from the action. The jury returned a verdict in favor of the plaintiffs, awarding Ramsey $4,000 and Holderfield $10,000. Rainbow City appeals. We affirm.
The city argues that the trial court erred in not dismissing the original complaint because the plaintiffs failed to join Watts as an original defendant within the time allowed by the statute of limitations. Section 11-47-191, Ala. Code 1975, in part, provides:
 "[I]f a civil action be brought against the city or town alone and it is made to appear that any person or corporation ought to be joined as a defendant in the action according to the provisions in section 11-47-190, the action shall be dismissed, unless the plaintiff amends his complaint by making such party or corporation a defendant. . . ."
Regardless of the possible merit of this argument, we are unable to consider it because it is raised for the first time here on appeal. Bevill v. Owen, 364 So.2d 1201 (Ala. 1979);McWhorter v. Clark, 342 So.2d 903 (Ala. 1977). The trial court may not be put in error for failure to rule on a matter which was not presented to it or decided by it. Southern CementCompany v. Patterson, 271 Ala. 128, 122 So.2d 386 (1960).
Our review of the record shows that neither in its answer nor at any time during the trial did the city attempt to raise this defense. The general rule is that a defense not asserted in a trial court cannot be raised for the first time on appeal.Green v. Standard Fire Insurance Company, 398 So.2d 671 (Ala. 1981); Whitman v. Knapp, 285 Ala. 57, 228 So.2d 814 (1969).
The city also argues that the trial court erred in admitting Hendon's deposition into evidence. Section 11-47-190, Ala. Code 1975, states, in part, that:
 "No city or town shall be liable for damages for injury done to or wrong suffered by any person . . . unless said injury or wrong was done or suffered through the neglect, carelessness or failure to remedy some defect in the streets, alleys, public ways or buildings after the same had been called to the attention of the council or other governing body. . . ." (Emphasis added.)
Hendon's conversation with W.R. Smith, who was mayor of Rainbow City in 1978, was the only evidence plaintiffs offered to show that the city had notice of the sinkhole. Rainbow City contends that because Smith was deceased at the time of trial and unable to rebut Hendon's testimony, Hendon's statements concerning the sinkhole's existence violated the Dead Man's Statute and were, therefore, inadmissible.
Section 12-21-163, Ala. Code 1975, provides:
 "In civil actions and proceedings, there must be no exclusion of any witness because he is a party or interested in the *Page 175 
issue tried, except that no person having a pecuniary interest in the result of the action or proceeding shall be allowed to testify against the party to whom his interest is opposed as to any transaction with, or statement by, the deceased person whose estate is interested in the result of the action or proceeding or when such deceased person, at the time of such transaction or statement, acted in any representative or fiduciary relation whatsoever to the party against whom such testimony is sought to be introduced. . . ." (Emphasis added.)
The Dead Man's Statute excludes only the testimony of a witness who has a pecuniary interest in the result of the lawsuit. Cole v. Adkins, 358 So.2d 447 (Ala. 1978). That interest must be present, certain, invested, not uncertain, remote, or contingent. 81 Am.Jur.2d Witnesses, § 365 (1977).
The trial court, in overruling the city's objection to Hendon's testimony, relied on our decision in Bank of theSoutheast v. Koslin, supra. In Koslin, we stated that in order for the Dead Man's Statute to disqualify a witness from testifying about his dealings with a deceased individual, three criteria must be met: (1) The witness must have a pecuniary interest in the result of the proceedings; (2) the estate of the deceased must be interested in the outcome of the suit; and (3) the testimony of the witness must relate to a personal transaction with the decedent. 380 So.2d at 829. We need look only at the first of these criteria to conclude that §12-21-163 did not apply to Hendon's testimony.
The city argues that Hendon, as a resident of Brown Avenue, has a pecuniary interest in establishing the city's liability for failure to repair the street defects because he is exposed to the same danger that befell plaintiffs. We do not agree. Hendon had never met either plaintiff until Holderfield came to his house several weeks after the accident asking questions about the street's condition. If Hendon had any interest in the outcome of plaintiffs' lawsuit, it is not a pecuniary one within the meaning of § 12-21-163.
Finally, the city argues that the trial court erred in denying its motion for a directed verdict, contending that plaintiffs failed to prove that notice of the defect was given, as required by statute. This argument must also fall. Hendon's deposition, which was admissible, supplied this proof.
The judgment entered below is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, JONES and BEATTY, JJ., concur.