This is a probate case.
In December 1981, Renate Hamm was employed as office and medical manager of Shell Clinic, a medical clinic owned by Dr. James Shell. She had been so employed for almost fifteen years. On December 3, 1981, Dr. Shell, who was critically ill and hospitalized at the time, presented her with a check in the amount of $1,806.43. This amount represented two months' salary and a Christmas bonus of $300. That same *Page 631 
day, Mrs. Hamm, who had power of attorney for Dr. Shell, drew two other checks on his behalf. One check, which was drawn on Dr. Shell's personal account, was payable to Pioneer Insurance Company in the amount of $610.80. The other, which was drawn on the clinic's account, was payable to Union Fidelity Life Insurance Company in the amount of $533.61. The three checks were returned by the bank unpaid. Dr. Shell died on December 5, 1981.
Mrs. Hamm filed a claim against Dr. Shell's estate for the amount of the three checks, claiming that, in addition to the salary owed her, the two checks payable to Pioneer and Union Fidelity were for medical insurance which Dr. Shell had agreed to provide for her.
On February 22, 1983, Mrs. Hamm petitioned for removal of the administration of the estate to the Circuit Court of Henry County, Alabama. After an ore tenus hearing, at which Mrs. Hamm was the only witness, the trial court rendered a judgment of $2,986.81 in her favor. Reba Shell Akers, executrix of Dr. Shell's estate, appeals here asserting that the trial court's judgment was plainly erroneous. In particular, she contends that the trial court committed reversible error by allowing Mrs. Hamm to testify as to the salary and insurance owed her in violation of Alabama's "Dead Man's Statute," § 12-21-163, Code of Alabama 1975. We disagree.
Section 12-21-163 provides in pertinent part:
 "[N]o person having a pecuniary interest in the result of the action or proceeding shall be allowed to testify against the party to whom the interest is opposed as to any transaction with, or statement by, the deceased person whose estate is interested in the result of the action or proceeding. . . ."
As Mrs. Akers correctly asserts, this section, which prevents fraudulent claims against a decedent's estate by prohibiting the testimony of a living witness as to transactions with the decedent, applies where (1) the estate of the decedent is interested in the outcome of the suit; (2) the witness has a pecuniary interest in the result of the proceedings; and (3) the testimony of the witness relates to a personal transaction with the decedent. Bank of the Southeast v. Koslin,380 So.2d 826 (Ala. 1980); Walling v. Couch, 292 Ala. 33, 288 So.2d 435
(1973). Although all of these factors are present, we may not reverse.
If there is no objection to admission of testimony in violation of the "Dead Man's Statute," the statute is deemed waived on appeal. Smith v. Haynes, 364 So.2d 1168 (Ala. 1978);Norton v. Liddell, 280 Ala. 353, 194 So.2d 514 (1967). The record indicates no objection was made to the admission of Mrs. Hamm's testimony. Therefore, we must affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.