This is an appeal by the defendant, Steger Bus Lines, from a judgment entered in favor of the plaintiff, Everett Bus Sales, for the recovery of a bus and damages for breach of a lease-purchase agreement. We reverse and remand.
On January 1, 1983, Everett Bus Sales ("Everett"), as lessor-seller, and Steger Bus Lines ("Steger"), as lessee-buyer, entered into separate agreements for the lease-purchase of two commercial buses. The buses were to be sold for $20,500 each, under identical payment plans, namely, a down payment of $3,000, plus monthly installments of $600. The installment payments for the buses were to begin on January 25, 1983, and were to continue until the balances were paid in full, at an interest rate of 12% per annum. Sixteen months from the date of the first installment payments under the two contracts, "balloon payments" of the balances were to become due or then be refinanced. Title to the buses was not to pass from Everett to Steger until Steger made the final payments. Both contracts included provisions giving Everett an option to "rescind" the agreement and take immediate possession of the buses, should Steger fail at any time to make the required installment payments.
Steger gave Everett a bus worth $6,000 in lieu of the cash down payments for the buses it was buying from Everett. But when Everett failed to give Steger certain paperwork Steger regarded as necessary to obtain registration of the buses with the Alabama Public Service Commission, Steger decided not to pay the installments due. Steger never made any of the payments required under the two contracts.
Everett sent a letter to Steger on June 3, 1983, demanding that Steger make the overdue installment payments, but to no avail. Several months later, on September 28, 1983, Steger and Everett reached an accord and satisfaction regarding one of the two contracts; no such agreement was *Page 609 
entered into, however, regarding the remaining bus.
On December 13, 1984, Everett filed a detinue action to recover the remaining bus from Steger. Subsequently, Everett amended its complaint to add a count for damages for breach of the lease-purchase agreement. Steger answered, and counterclaimed for damages for breach of the lease-purchase agreement and for fraud. Steger also asserted that it held a mechanic's lien on the bus.
The trial court, sitting without a jury, dismissed Steger's counterclaim and entered a judgment in favor of Everett on both
its detinue claim and its claim for damages for breach of the lease-purchase agreement. Steger appeals from that judgment.
Where a trial court has heard ore tenus testimony, its judgment or decree based on that testimony is presumed correct and will be reversed only if, after consideration of the evidence and all reasonable inferences to be drawn therefrom, the judgment or decree is found to be plainly and palpably wrong. Thompson v. Hartford Accident Indemnity Co.,460 So.2d 1264 (Ala. 1984). However, there is no presumption of correctness on appeal as to the trial court's determinations concerning questions of law. Porter v. Porter, 472 So.2d 630
(Ala. 1985).
Steger contends, inter alia, that the trial court erred in allowing Everett to recover both the bus and damages for breach of contract regarding that bus. We agree; the trial court's judgment allowing Everett to recover on both its action in detinue and its action for breach of contract was in error as a matter of law.
In United States Fidelity Guaranty Co. v. WarwickDevelopment Co., 446 So.2d 1021 (Ala. 1984), this Court held that a trial court may not grant rescission of contract and damages for breach of contract in the same action, as they are inconsistent legal theories; but the Court held that, nevertheless, a plaintiff may pursue inconsistent remedies by pleading them as alternative theories of recovery; and that in such cases the trial court must elect which of the remedies it will grant.
In the case before us, Everett's right to immediate possession of the bus could not arise until it exercised its right under the contract to "rescind" the agreement. Recovery pursuant to an action in detinue is proper only if the plaintiff has the right to immediate possession of the property in question. Hollingsworth v. Case, 267 Ala. 165, 100 So.2d 772
(1957). The trial court might find that the filing of the detinue action by Everett was a declaration of "rescission" pursuant to the terms of the contract. Thus, Everett has sought relief based upon inconsistent theories — one in detinue based upon a "rescission" of the contract, and the other for damages for breach of the same contract. The trial court could have found that Everett was entitled either to possession of the bus, or to money damages for breach of contract, but it could not grant both forms of relief. To give Everett both possession of the bus and money damages would be to give it a double recovery. We cannot sanction such a result.
For the foregoing reasons, the judgment of the trial court must be reversed, and the cause remanded for the trial court to make an election of remedies.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.