In June 1986 George Dempsey filed an action in detinue in Calhoun District Court seeking the recovery of a 1977 TransAm automobile from the Murrays. A writ of seizure was issued and executed. The Murrays answered and counterclaimed that Dempsey had converted the automobile to his own use.
After a hearing and a consideration of briefs submitted by both parties, the district court rendered judgment for Dempsey. The Murrays appealed to the circuit court for a trial de novo.
After a hearing the trial court issued its order, finding that Dempsey was the rightful owner of the automobile and was entitled to possession. The Murrays were ordered to execute a title certificate to Dempsey.
The Murrays' motion for new trial was denied. The Murrays appeal.
In their first issue the Murrays contend that the trial court erred when it awarded the automobile to Dempsey because Dempsey did not have legal title when the detinue action was filed.
The Murrays argue that the transfer of ownership of the property involved in this case — a 1977 TransAm — is governed by the Uniform Certificate of Title and Antitheft Act, specifically § 32-8-44, Ala. Code (1975). The Murrays maintain that the certificate of title is the exclusive indicium of legal title to automobiles subsequent to the model year 1975.
While a certificate of title is prima facie evidence of ownership, § 32-8-39(d), Ala. Code (1975), this can be contradicted by other evidence. Congress Finance Corp. v.Funderburk, 416 So.2d 1059 (Ala.Civ.App. 1982); City CarSales, Inc. v. McAlpin, 380 So.2d 865 (Ala.Civ.App. 1979).
In an action for detinue the plaintiff is entitled to recovery only if he had either legal title to the property or the right to immediate possession of the property in question and the defendant had wrongfully taken possession of the property. Steger v. Everett Bus Sales, 495 So.2d 608 (Ala. *Page 1346 
1986); Heathcock v. Hadley, 380 So.2d 915 (Ala.Civ.App. 1980).
In this case Dempsey has the burden of proof. There was substantial conflict in the evidence presented. The exhibits contained in the record indicate that the Murrays and Dempsey entered into an agreement in November 1985 that Dempsey would trade his 1971 Chevrolet van plus a down payment of $82 for the Murrays' 1977 TransAm and $100. Dempsey further agreed to assume payments of $82 per month to the finance company until the TransAm was paid off. There was testimony that Dempsey had possession of the TransAm from November 1985 until May 1986 when the Murrays charged Dempsey with the unauthorized use of a vehicle and had the TransAm picked up by the Anniston police department. Thereafter, Dempsey filed the detinue action.
Dempsey testified that he made the $82 per month payment directly to the Murrays for a period of time. However, in May 1986, he began making the payments directly to Avco Financial Service (Avco), who held a lien on the TransAm, because the Murrays would not give him a receipt. Dempsey also testified that he renewed the tag for the TransAm.
Mary Ann Jordan, the manager at Avco, testified that Dempsey began making payments on the TransAm in the spring of 1986. Jordan stated that she had a conversation with Teresa Murray sometime around November 1985 wherein Murray told her that the car had been sold. The car was paid off in January 1987 and Avco placed the certificate of title into the hands of the Calhoun County License Commissioner.
The trial court heard the testimony and observed the witnesses. Its judgment is presumed correct unless so unsupported by the evidence as to be plainly and palpably wrong. Steger, 495 So.2d 608. From our review of the conflicting evidence contained in the record, we find that there was evidence to support the trial court's finding.
In a second issue the Murrays contend that the trial court erred when it failed to grant their motion for directed verdict made at the conclusion of plaintiff's case because Dempsey failed to meet his burden. However, as set out above, there was sufficient evidence to support a finding that Dempsey was entitled to possession of the TransAm.
This case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.