L. CHARLES WRIGHT, Retired Appellate Judge.
In June 1986 Judd Williams filed an action in detinue seeking the recovery of a 1978 GMC pickup wrecker from Ann Seam-on and Ed Seamon, as administrator of the estate of Alvie Seamon, Jr.
After a hearing before the court, the court found Ann Seamon and the estate of Alvie Seamon to be the rightful owners of the vehicle. Williams was ordered to execute a title certificate to the Seamons.
Williams’s motion to set aside the judgment or, in the alternative, for a new trial was denied. Williams appeals.
I.
Williams initially argues that the trial court considered as evidence matters that were inadmissible under the Dead Man’s Statute, Code of Alabama 1975, § 12-21-163. It is not necessary to determine the applicability of the Dead Man’s Statute in this instance. The record reveals that there were no adverse rulings made by the trial court in response to Williams’s objections based on the Dead Man’s Statute. The trial court sustained each objection and, in fact, admonished the witnesses not to make any statements regarding conversations they had had with the deceased, Alvie Seamon. We find no error here. In the absence of an adverse ruling by the trial court, evidentiary issues will not be considered upon appeal. Armstrong v. Armstrong, 515 So.2d 27, 28 (Ala.Civ.App.1987).
Williams further contends that the trial court incorrectly relied on “affidavits and motions, which were not introduced into evidence in this case” and which “were inadmissible and were in violation of the Dead Man’s Statute” in rendering its final judgment. The trial court’s oral and written orders contradict this assertion.
After hearing the evidence the trial court stated:
“I believe that the defendant has met that burden. After carefully considering the forthrightness or lack of forthrightness on the part of the witnesses who testified, and particularly considering the things that were done to the vehicle and the manner in which the time the vehicle was in Mr. Seamon’s possession, I believe that many things indicated ownership.”
In its written order the trial court found that:
“[A]fter hearing the evidence, examining the Exhibits presented to the Court, hearing all the witnesses and observing the demeanor of the witnesses, it is CONSIDERED AND ORDERED by the Court... that judgment be and the same is hereby rendered in favor of the defendants .... ”
*1030 Williams’s argument is mere speculation and is not supported by the record.
Furthermore, the record reveals that Williams interposed no objections to the contents of the affidavits or motions when they were offered prior to trial. “If there is no objection to admission of testimony in violation of the ‘Dead Man’s Statute,’ the statute is deemed waived on appeal.” Akers v. Hamm, 446 So.2d 630, 631 (Ala.Civ.App.1984) (citations omitted).
II.
Williams argues that the trial court erred in determining the Seamons to be the rightful owners of the vehicle because at the time the detinue action was filed the Seam-ons were not in possession of the legal title.
Recovery pursuant to an action in deti-nue is proper only if the plaintiff “had either legal title to the property or the right to immediate possession of the property in question and the defendant had wrongfully taken possession of the property.” Murray v. Dempsey, 521 So.2d 1345, 1345 (Ala.Civ.App.1988) (citations omitted).
Williams contends that the transaction involved in the instant case is governed by the Uniform Certificate of Title and Anti-theft Act, Code of Alabama 1975, §§ 32-8-1 through -87. He asserts that possession of the certificate of title establishes prima facie evidence of ownership of the wrecker.
While a certificate of title is prima facie evidence of ownership, Code of Alabama 1975, § 32-8-39(d), this can be rebutted by other evidence as there was in this instance. Murray, 521 So.2d 1345; Eleven Automobiles v. State, 384 So.2d 1129 (Ala.Civ.App.1980).
Here, there was a substantial amount of conflicting evidence presented. Williams testified that he purchased the wrecker from J.D. Goodwin. He entered into evidence the certificate of title signed by J.D. Goodwin and himself and a tag receipt for the wrecker. He testified that on August 5,1985 he permitted Alvie Seamon “to take the truck to his shop to check it out and see if he wanted to buy it.” Williams stated that there was no offer or acceptance made for the sale of the truck.
Ann Seamon, wife of Alvie Seamon, testified that on August 5, 1985 she went with her husband to Williams’s place of business for the purpose of purchasing a white 1978 GMC truck. Seamon left her husband with Williams and returned home. She was not involved in the actual transaction. Upon her husband's return home, Seamon personally observed on the front seat of the truck a pink envelope with “78 GMC” written on it, with a certificate of title inside. Once in his possession, Alvie Seamon made various modifications to the truck, which included the following: “Tires and wheels, new paint job, new upholstery, new roll bar, new bumpers were put on it, new stereo system was installed in it, new bar grill, wrecker part put on the back of it and new exhaust system was put on it.” Williams stated that he was aware of the modifications.
After her husband’s sudden death in January of 1986, Ann Seamon testified that she directed her employees to take inventory of the vehicles at Seamon Wrecker Service, matching the identification numbers on the title certificates with the number on the vehicles. An employee testified that he removed a title from a pink envelope with “78 GMC” written on it and matched the identification number on the certificate with the number found on the 1978 GMC truck. Ann Seamon testified that she personally inspected the title. She stated that she saw the title again when a former employee, Bubba Seamon, folded it and placed it in his wallet. Ann Seamon and the two employees who conducted the inventory stated that at the time of the inventory the certificate was in new condition, folded only to fit the envelope, and had no reference to Judd Williams on it. When the certificate was presented to the court as one of William’s exhibits, it was faded, obliterated, and contained Williams's signature. Goodwin testified that the pink envelope with “78 GMC” written on it that Ann Seamon offered as evidence was the same envelope that contained the title that *1031 he transferred to Williams. He also noted that the title was in a clean condition at the time of the transaction.
The trial court heard the testimony and observed the demeanor of the witnesses. After an ore tenus trial the trial court’s judgment is presumed correct and will not be disturbed on appeal unless it is so unsupported by the evidence as to be palpably wrong or unless the trial court abused its discretion. Murray, 521 So.2d 1345. The trial court, in view of the evidence that the certificate of title was in the files of Seamon Wrecker Service after Al-vie Seamon’s death, was at liberty to make the factual determination that the certificate had been passed to Alvie Seamon by Williams in 1985 and subsequently recovered by Williams after the death of Seam-on. We find there was evidence to support the trial court’s judgment.
Pursuant to Rule 38, Alabama Rules of Appellate Procedure, Ann Seamon’s motion for damages for frivolous appeals is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.