BEATTY, Justice
(dissenting).
This case presented an ordinary boundary dispute. Fairchild’s expert testified that the boundary was along a line north of the crest of Red Mountain, and the Sande-fers’ expert testified that it was located elsewhere. The jury decided that Fair-child’s witness was correct, and the court entered judgment upon the jury’s verdict.
The Sandefers argue three issues on appeal: (1) that the trial court failed to order the sheriff to mark the true line; (2) that the description found in the judgment is vague and uncertain; and (3) that the judgment is void for failure to name other indispensable parties. None of these three issues, however, is before this Court, because none of them was raised by the San-defers at trial or in their motion for a new trial or in the alternative to alter, amend, or vacate the judgment. We have held that “the trial court may not be put in error for failure to rule on a matter which was not presented to it or decided by it.” City of Rainbow City v. Ramsey, 417 So.2d 172, 174 (Ala.1982). The issues argued by the Sandefers, therefore, should not have been considered by the majority.
The majority reevaluates all the evidence and remands with instructions that, in effect, will reverse the jury verdict for Fair-child. Notwithstanding the majority’s analysis of the alleged surveying error, there is no reason for this Court to second guess the jury. Since there was evidence to support the verdict, I would affirm the judgment of the trial court.