L. CHARLES WRIGHT, Retired Appellate Judge.
The Murrays appeal from the denial of a Rule 60(b), Alabama Rules of Civil Procedure, motion for relief from judgment. This is the second appeal of this case; for pertinent facts and the prior adjudication refer to Murray v. Dempsey, 521 So.2d 1345 (Ala.Civ.App.1988).
The Murrays sought relief from the prior judgment by filing their Rule 60(b)(2) motion, asserting, essentially, newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b). After an ore tenus proceeding the trial court rendered the following order:
“ORDER
“This cause is once again before the Court on a post-trial motion filed by the Defendants. The history of this case speaks for itself. It has totally frustrated the Court and will not, it seems, die a natural death.
“The Court of Civil Appeals’ opinion in this case accurately reflects the pre-trial and trial facts of this case, and this Court’s ‘Order’ of August 19, 1988.
“In a nutshell, this is the Murrays’ second Motion for Rule 60 relief filed since this case was affirmed by the Court of Civil Appeals. Again, all that has been done is a rehash of prior testimony and evidence.
“The instant case boils down to this— the Court decided the case on the evidence presented at trial, the Defendants knew that a handwriting analysis might prove this case but elected not to hire an expert, the case was appealed and affirmed and one prior Rule 60, A.R.C.P., motion has been heard and denied.
“The foregoing considered, the Court is of the opinion that the Defendants’ present motion is due to be denied. It is so Ordered.
“The Clerk shall deliver the title certificate on the automobile in issue presently held by the Court to the Plaintiff for ultimate negotiation and delivery to Mr. Stanley Tidwell, a subsequent purchaser.
“DONE and ORDERED this the 30th day of January, 1989.”
On appeal from the denial of a motion for relief from judgment, the only matter reviewable is the order of denial itself. Neither the merits nor the correctness of *1091 the underlying judgment may be examined pursuant to this review. The issue is whether the trial court abused its discretion by denying the Rule 60(b) motion for relief. Douglass v. Capital City Church of the Nazarene, 443 So.2d 917 (Ala.1983). Further, Rule 60(b) is an extraordinary remedy and cannot be used to relieve parties from the effects of their free, calculated, and deliberate choices. See, McArdle v. Bromfield, 540 So.2d 91 (Ala.Civ.App.1989).
We have reviewed the record on appeal and find no abuse of discretion by the trial court in denying the Murrays’ Rule 60(b) motion. We adopt the order of the learned but frustrated trial judge. That order is affirmed. (We note that the motion was not timely because it was filed more than four months after judgment was entered.)
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.