On February 26, 1990, Lydia Morris purchased a new 1989 Ford E150 van manufactured by Ford Motor Company, Inc., from Shoals Ford, Inc. Morris financed $15,041.38 and paid the remainder of the purchase price with a $6,000 trade-in. The Alabama-vehicle-retail-installment contract executed by Morris and Shoals Ford provided that Morris would make 60 monthly payments in the amount of $331.53 each. Although only Morris's name appeared on the contract, title to the van was in the name of both Morris and her daughter, Shirley Nelson. Shoals Ford subsequently assigned the contract to Ford Motor Credit, Inc., and Morris thereafter made 12 monthly payments to Ford Motor Credit.
Approximately a year after purchasing the van, Morris and her daughter filed a complaint against Shoals Ford, Ford Motor Company, and Ford Motor Credit. The complaint claimed that due to mechanical difficulties with the van, Morris and her daughter were entitled to a refund of the down payment ($6,000 trade in) and the 12 monthly payments that had been made (12 X 331.53 = $3,978.36), for a total of $9,978.36. They also claimed a security interest in the van pursuant to the Alabama Uniform Commercial Code to secure repayment of the down payment and the monthly installments.
Shoals Ford, Ford Motor Company, and Ford Motor Credit filed answers to the complaint in which they denied all of the claims contained therein. Ford Motor Credit also filed a detinue counterclaim seeking the return of the van. In this counterclaim, Ford Motor Credit maintained that it was entitled to immediate possession of the van because Morris had defaulted on the contract by refusing to continue making payments.
Ford Motor Credit then filed a motion for a writ of seizure. This motion sought to recover or take possession of the van from Morris. In its memorandum in support of its motion for writ of seizure, Ford Motor Credit claimed that its purchase money security interest pursuant to § 7-9-312(4), Code 1975, had priority over any security interest that Morris could have under § 7-2-711(3), Code 1975.
Morris's brief in opposition to the motion for writ of seizure, claimed that the right of a buyer to recover payments already made for non-conforming or defective goods should come before Ford Motor Credit's right to recover the balance due on the purchase price. In support of her brief in opposition to the motion for writ of seizure, Morris submitted the affidavit of her daughter, Shirley Nelson. According to Ms. Nelson's affidavit, the defects contained in the van included: a leaking windshield, excessive oil consumption, hesitation on acceleration, the motor ceased to function when the van was turned to the right, a hood light was falling off, the engine jerked and surged, the engine bogged down on hills, and the driver's side window was inoperable.
After a review of the briefs and affidavits submitted by both parties, the trial court entered an order for writ of seizure and found that Ford Motor Credit had shown good cause for a pre-judgment seizure of the van. Morris petitioned to our supreme court for permission to appeal, which was denied.
After Ford Motor Credit filed its motion for a writ of seizure, Morris sent a letter to Ford Motor Credit which attempted to revoke her acceptance of the van. Morris claimed that the van continuously suffered from a defective motor and transmission as well as other problems. Morris further stated that the van had been returned to Shoals Ford for repairs approximately 15 times since the date of purchase.
Ford Motor Credit filed a motion for summary judgment on its detinue counterclaim and submitted the affidavit of Irene Bolt in support of its motion for summary judgment. Irene Bolt, the customer service supervisor of Ford Motor Credit, stated that the book value of the van was $8,450. *Page 1214 
The trial court granted summary judgment in favor of Ford Motor Credit on the detinue counterclaim. The trial court then assessed the alternative value of the van to be $8,500 and ordered that Ford Motor Credit shall either recover the van from Morris or Morris shall pay Ford Motor Credit the alternative value. Last, the trial court made this judgment final pursuant to Rule 54(b), A.R.Civ.P. Morris and Nelson appeal.
The dispositive issue on appeal is whether the trial court erred in granting Ford Motor Credit's motion for summary judgment on its detinue counterclaim.
Ford Motor Credit had a purchase money security interest in the van pursuant to § 7-9-107, Code 1975, and had properly perfected its purchase money security interest in accordance with § 32-8-61, Code 1975.
Section 7-9-312(4), Code 1975, states:
 "A purchase money security interest in collateral other than inventory has priority over a conflicting security interest in the same collateral or its proceeds if the purchase money security interest is perfected at the time the debtor receives possession of the collateral or within 20 days thereafter."
When a statutory pronouncement is clear and not susceptible to a different interpretation, the court must abide by that interpretation. Parker v. Hilliard, 567 So.2d 1343
(Ala. 1990).
We note that a trial court's ruling on a summary judgment motion is a nondiscretionary ruling, and that no presumption of correctness attaches to that ruling; accordingly, our review of the evidence contained in the record is de novo. Stone v.Southland National Ins. Corp., 589 So.2d 1289 (Ala. 1991).
The standard of review applicable to a motion for summary judgment is the same as the standard for granting the motion; that is, we must determine whether there was a genuine issue of material fact and, if not, whether the movant was entitled to a judgment as a matter of law. Olympia Produce Co. v.Associates Financial Services, 584 So.2d 477 (Ala. 1991).
In this case, Ford Motor Credit sought to recover possession of the van through a detinue counterclaim. In order to succeed, Ford Motor Credit must prove that it had either legal title to the van or the right to immediate possession of the van and that Morris wrongfully withheld possession of the van.Murray v. Dempsey, 521 So.2d 1345 (Ala.Civ.App. 1988).
The record shows that the legal title to the van listed Morris and her daughter as the owners and that the title listed Ford Motor Credit as the lien holder. The record also reveals that, under the terms of the contract, Ford Motor Credit was entitled to immediate possession after Morris ceased making payments. We note that Morris sent a letter to Ford Motor Credit in which she attempted to revoke her acceptance of the van. However, pursuant to § 7-2-608, Code 1975, a revocation of acceptance "is not effective until the buyer notifies the seller of it." In this case, Morris notified Ford Motor Credit that she sought to revoke her acceptance concerning the purchase of the van; however, the record does not reflect whether Morris ever notified Shoals Ford.
Since the purchase money security interest of Ford Motor Credit was properly perfected, we hold that the trial court did not err when it held that Ford Motor Credit was entitled to a judgment as a matter of law.
For the foregoing reasons, the trial court's order issuing the writ of seizure and its summary judgment are due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur. *Page 1215