This is an appeal from a judgment by the trial court in favor of the defendant, Ronald M. Fulmer, in a detinue suit brought by the plaintiffs, Winston Maurice Guthrie and Government Employees Insurance Company.
The parties to this appeal adopted an agreed statement of facts pursuant to Rule 10 (e) ARAP, which was approved by the trial court. The facts are as follows: The defendant, Ronald M. Fulmer, purchased a pick-up truck from Howard D. Earnest on or about November 21, 1975 for the sum of $3,500.00. The bill of sale executed from Earnest to Fulmer describes the vehicle as a "1974 Ford F100, 1/2 ton pick-up with Camper Shell, Serial: # F10GUU23761." The bill of sale also covenanted that Earnest was the lawful owner of the truck.
The plaintiff, Government Employees Insurance Company, claims ownership to the vehicle based upon a certificate of title issued pursuant to Tenn. Code Ann., §§ 59-301, et seq., which reflects title in the plaintiff to a truck described as a 1974 Ford P/U, Style S, Serial # F10GUU23760. This certificate of title was assigned to Government Employees Insurance Company by Winston Maurice Guthrie who was also a plaintiff in this action.
The trial court held that the plaintiffs failed to prove legal title to the vehicle and gave judgment to the defendant. Following the court's order, the plaintiffs filed a motion for amendment of order, requesting that the trial court make a finding of fact as to whether the truck sued for by the plaintiffs is the same truck in the possession of the defendant. The trial court granted the plaintiffs' motion and found that the truck in the possession of the defendant was the same truck as that sued for by the plaintiffs.
As noted above, this is an action for detinue. The law in Alabama is established that legal title and right to immediate possession are sufficient to support an action in detinue.Bryce Hospital Credit Union, Inc. v. Warrior Dodge, Inc.,50 Ala. App. 15, 276 So.2d 602 (1973).
The plaintiffs claim their right to possession and legal title based upon a certificate of title issued by the state of Tennessee.
The defendant claims his right to possession and legal title by a bill of sale executed to him by Howard D. Earnest. There is no connection in the evidence between the alleged title of Howard D. Earnest and that of the plaintiff.
A certificate of title is only prima facie evidence of ownership, which can be contradicted by other evidence.Wielgorecki v. White, 133 Ga. App. 834, 212 S.E.2d 480 (1975).See Code of Alabama 1975, § 32-8-39 (d).
Based on the facts in the present case, however, we do not consider a bill of sale from a seller whose alleged title is unconnected in any way with the title of plaintiff to be sufficient to overcome the prima facie case made for plaintiff by the certificate of title showing title in him. Accordingly, the judgment of the trial court should have been for plaintiff.
The judgment of the trial court is reversed and the cause remanded for entry of a judgment not inconsistent with this opinion.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 750