In re B & P DISTRIBUTORS, INC., Bankrupt.

Fred ZIMMERMAN, Trustee, Plaintiff,

v.

Irving L. PLAKSIN and Edward D. Vekony, Defendants.

Bankruptcy No. 78–852EG.

United States Bankruptcy Court, E. D. Pennsylvania.

Dec. 6, 1979.

The bankrupt, B & P Distributors, Inc., was engaged in the wholesale carpet and floor covering business until its voluntary petition in bankruptcy was filed on June 14, 1978. The president and vice president of the bankrupt corporation were Irving L. Plaksin and Edward D. Vekony, respectively. It was the continuing practice of the bankrupt to purchase automobiles for business use by these two officers. On December 6, 1976, two automobiles were purchased for that purpose. Both the sales orders and the installment loan security agreements for both automobiles listed B & P Distributors, Inc. as the purchaser. Although each of the defendants was registered as the owner of one of the automobiles on the certificates of title issued by the State of New Jersey, the monthly loan payments were made by the bankrupt. It is also apparent from the security agreements that the bankrupt would be liable for the unpaid balances of the auto loans in the event of default.

We think the evidence clearly shows that the bankrupt was the true owner of the automobiles. Under New Jersey law, the certificate of title is not the sole determinant of ownership. It creates only a rebuttable presumption of ownership. *American Hardware Mutual Insurance Co. v. Muller*, 98 N.J.Super. 119, 236 A.2d 182 (1967). In *Muller*, the defendant had transferred title in his automobile to his son in order to obtain financing. The court found that evidence of payment, upkeep and retention of control by the defendant was sufficient to establish that he was the true owner of the automobile. In the case before us, the evidence clearly shows that the automobiles were purchased and paid for by, and used for the benefit of, the bankrupt.

Each defendant testified that he was the owner of the automobile registered in his name. Both contend that the loan payments made by the bankrupt were rental payments due to each of them from the bankrupt for use of the automobiles. They also claim that their ownership is proved by the fact that two prior automobiles, registered in their respective names, were used

Wexler, Weisman, Maurer & Forman, P.C., Philadelphia, Pa., for trustee.

Burton K. Stein, Sarner, Borofsky & Stein, Philadelphia, Pa., for defendants.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

Here we must decide whether two automobiles which were purchased and paid for by the bankrupt corporation but whose titles have been registered in the names of individuals who are both shareholders and officers of the bankrupt are assets of the bankrupt's estate. Under the facts of this case, we conclude that the automobiles in question are assets of the bankrupt's estate and must be turned over to the trustee.

as trade-ins when the automobiles in question were purchased. While these contentions may be true, several factors belie the conclusions which the defendants urge on us. Firstly, the defendants neither included the rental payments in their federal income tax returns in computing their gross incomes nor deducted any amounts for depreciation of the automobiles pursuant to Sections 61 and 167 of the Internal Revenue Code. Secondly, the defendants' accountant testified that the alleged rental payments were to cease when the auto loans were fully repaid. And lastly, the automobiles used as trade-ins were purchased in the same manner—i. e., payments were made by the corporation but each car was registered in the name of one of the defendants.

Recently, in another case, we ruled that evidence which established that a bankrupt made all payments on and retained control of an automobile purchased for his benefit was sufficient to prove that he was the true owner, despite the fact that the title of the vehicle was registered in his wife's name. *In re Robert A. Newman*, Bankruptcy No. 79–598EG (E.D.Pa.1979). We think that the facts are sufficiently similar in this case to reach the same result.