## In re POTTER'S LANDSCAPE NURSERY, INC. f/t/a Newtown Gardens, Inc., Debtor.

**Fred ZIMMERMAN, Successor Trustee, Plaintiff,**

v.

**John POTTER, Defendant.**

**Bankruptcy No. 84–00758G.**
**Adv. No. 84–0642G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Nov. 14, 1984.

Jonathan H. Ganz, Pincus, Verlin, Hahn, Reich & Goldstein, Philadelphia, Pa. for plaintiff/successor trustee, Fred Zimmerman.

Fred Zimmerman, Successor Trustee.

Robert J. Levis, Media, Pa., for defendant, John Potter.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The issue presented to us is whether a vehicle is property of the estate, subject to turnover to the trustee. For the reasons expressed below, we will grant the relief requested in the trustee's complaint for turnover.

The facts of this case are as follows:[1] In 1980, John E. Potter ("the defendant") bought a truck ("the vehicle") for use in his landscaping business, a sole proprietorship. All of the documents pertaining to the vehicle were executed in the defendant's name, and the defendant paid the loan, sales tax, registration and insurance on the vehicle. Eighteen months later, a corporation, renamed Potter's Landscaping Nursery, Inc. ("the debtor"), was purchased by the defendant and his wife, Catherine A. Potter ("the president"). The assets of the sole proprietorship were transferred to the debtor in consideration of its agreement to pay the liabilities of the sole proprietorship. Although the vehicle's loan agreement, title and registration remained in the defendant's name, the vehicle's insurance was put in the name of the corporation, and the vehicle was listed as a corporate asset on the debtor's 1981 and 1982 tax returns. The debtor made all further loan and insurance payments on the vehicle, and maintained the vehicle. In 1983, the defendant left the corporate debtor, which filed a petition for relief under chapter 7 of the Bankruptcy Code ("the Code") one year later. Shortly thereafter, the defendant removed the vehicle from the premises of the debtor. The trustee has filed a complaint seeking turnover of the vehicle.

Section 542(a) of the Code requires that an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy

Rule 7052 (effective August 1, 1983).

11 U.S.C. § 542(a).

Section 363(b) provides that the "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Property of the estate is generally defined by § 541(a)(1) as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

In order to determine whether the vehicle is property of the estate which must be turned over to the trustee, the nature and extent of the debtor's interest in such property must be defined. Under the facts of this case, we conclude that the vehicle is an asset of the debtor's estate which must be turned over to the trustee.

■ As we stated above, the title to the vehicle has remained in the defendant's name since its purchase in 1980. However, in Pennsylvania, the certificate of title does not necessarily establish the ownership of a vehicle. *Taplinger v. Northwestern National Bank*, 101 F.2d 274 (3d Cir.1938). Moreover, the debtor has listed the vehicle as an asset on its tax returns, and has been responsible for the loan, insurance and maintenance expenses since 1981. Such factors have been considered determinative of ownership. *Zimmerman v. Plaksin* (In re B & P Distributors, Inc.), 1 B.R. 426 (Bankr.E.D.Pa.1979); *In re Jewell*, 25 B.R. 44 (Bankr.D.Kan.1982). We will, therefore, grant the trustee's complaint for turnover.