On January 25, 1983, Mamie Richardson Melvin filed an action in the Mobile County Circuit Court to quiet title to certain real property located in Mobile County, Alabama, pursuant to Code 1975, § 6-6-540 et seq. and § 6-6-560 et seq. Prior to the trial, Ms. Melvin obtained a dismissal or default judgment against each defendant except Jesse and Sarah Parker. The Parkers filed a counterclaim, seeking to quiet title to a portion of the real property in themselves. The total acreage is approximately nine acres, with the Parkers claiming title to approximately four and one-half acres.
In the initial trial, the court held that Mamie Richardson Melvin was the owner in fee simple of all lands described in the complaint, except that portion claimed by the Parkers. The trial court held that the Parkers owned fee simple title to the portion they claimed.
On appeal, this Court held that the admission of certain testimony given by Jesse Parker had violated the "Dead Man's Statute." § 12-21-163, Code 1975, and reversed and remanded. See Melvin v. Parker, 472 So.2d 1024 (Ala. 1985). Then on October 1, 1986, Mamie Richardson Melvin conveyed all her interest in the subject property to William Francis Barnes and Veronica Cain Barnes. The Barneses were subsequently substituted as plaintiffs.
In lieu of a retrial, the Barneses and the Parkers submitted the prior record to the trial court, with the exception of that portion of Jesse Parker's testimony that was admitted in violation of the Dead Man's Statute. Based on this record, the trial court held that the Parkers had failed to meet their burden of proving a lost deed and that, even if they had proven the existence of a document purporting to be the lost deed, they had failed to meet their burden of proving delivery of that deed.
Jesse Parker and Sarah Parker, now appeal from the trial court's judgment quieting title in William and Veronica Barnes, appellees. The Parkers make claim to the subject property based on the facts set out below.
J.R. Richardson and Daisy Richardson, husband and wife, purchased the subject property by warranty deed on September 13, 1963. On June 30, 1972, Andrew Richardson, *Page 947 
the only child of J.R. Richardson and Daisy Richardson, allegedly inherited the subject property through intestate succession. Andrew Richardson died intestate on June 15, 1973, survived by his wife, Mamie, and five children. Mamie believed she received the subject property from Andrew Richardson through intestate succession. Mamie and her children conveyed all of their purported interest in the subject property to the Barneses.
The Parkers make claim to one-half of the subject property, alleging that J.R. Richardson had conveyed that portion by warranty deed dated January 22, 1972, prior to when Andrew Richardson allegedly inherited the property. That Parkers contend: 1) that the trial court erred in its finding that the Parkers failed to prove the existence of a lost deed, i.e., the deed of January 22, 1972; and 2) that the trial court erred in finding, alternatively, that the Parkers failed to prove delivery.
First, to prove the existence of the lost deed, the Parkers presented a copy of the deed, which came from T.E. Houston, Jr., a licensed real estate broker, who had notarized the original deed at J.R. Richardson's request. At trial, Houston identified the copy of the deed and testified that, although he had notarized the original deed, he had returned it to J.R. Richardson's possession. Also, Houston testified that he did not know whether J.R. Richardson ever delivered the deed to the Parkers. Houston kept a copy of the deed, as was his practice, and a year or so prior to trial he found the copy of the deed at the request of the Parkers. The Parkers do not have the original deed, nor was the original ever recorded in the Probate Court of Mobile County.
Second, evidence of delivery of the deed to the Parkers was given by Leo Waters. Waters testified that he saw J.R. Richardson hand Jesse Parker some papers that were supposed to have been the Parkers' deed, and that he saw Jesse Parker give the papers back to J.R. Richardson. Waters also testified that at the time he saw J.R. Richardson give Parker what he believed to be the deed, he also saw J.R. Richardson give Andrew Richardson what he believed to be a deed to property adjacent to the subject property. In the evidence at trial, the only deed from J.R. Richardson regarding the adjacent property was one dated January 22, 1966, which was six years before Waters witnessed the alleged delivery.
Third, Waters testified as to a matter that occurred sometime after J.R. Richardson's death. Waters stated that he saw Andrew Richardson pull some papers from J.R. Richardson's metal box, and then burn some papers that he thought were the deed to Jesse Parker; and Waters testified that Richardson declared that the Parkers would never get the subject land. In rebuttal, Mamie Richardson Melvin and her mother, Vertie Mae Cowart, who Waters claimed were at the house when the burning took place, testified that they never saw Andrew Richardson burn any papers. Ms. Melvin further testified that, until the trial of this case, she had never seen a deed made out to the Parkers.
In order for the Parkers to establish ownership to the subject property, they must prove not only the existence of the lost deed, but also that the deed was delivered to them.Williams v. Mobile Oil Exploration Producing Southeast, Inc.,457 So.2d 962 (Ala. 1984). Therefore, if the trial court's ruling on delivery is not erroneous, we may dispose of this case on the issue of delivery alone. As a result, we will examine the issue of delivery first.
The trial court is entitled to a presumption of correctness as to its findings of fact based upon evidence presented ore tenus. Bruner v. Walker, 366 So.2d 695 (Ala. 1978). In order to overcome this presumption of correctness, the appellant must show that the trial court's findings as plainly erroneous or manifestly unjust. Chism v. Hicks, 423 So.2d 143 (Ala. 1982). However, a trial court's findings in an ore tenus case are not entitled to a presumption of correctness where the evidence is undisputed. Abel v. Forrest Realty, Inc., 484 So.2d 1069 (Ala. 1986).
There is disputed evidence as to the delivery of the deed. For example, if the *Page 948 
papers Andrew Richardson burned were in fact a deed, this would indicate that J.R. Richardson was in possession of the deed at the time of his death. If J.R. Richardson was in possession of the deed at the time of his death, then this possession raised the presumption of nondelivery of the deed.Adams v. Logan, 260 Ala. 346, 70 So.2d 786 (1954). Also, even if Leo Waters witnessed the exchange of a deed between J.R. Richardson and Jesse Parker, we do not know that J.R. Richardson intended to deliver the deed to Jesse Parker at that time, because Waters also said he saw Jesse Parker return the papers to J.R. Richardson. The facts result in this Court's concluding that the evidence of delivery is far from being undisputed. Since there is disputed evidence as to delivery, the trial court is entitled to a presumption of correctness as to its factual findings.
The same evidence shows that the Parkers did not overcome the presumption of correctness of the trial court's finding as to nondelivery. Because we hold that the evidence supports the trial court's finding that — assuming there had been a deed — there had been no delivery of it, we need not address the issue of whether the Parkers proved the existence of a deed in the first place.
AFFIRMED.
JONES, SHORES, ADAMS and STEAGALL, JJ., concur.