**In re Joann Griffin RUTLEDGE, Debtor.**

**Joann Griffin RUTLEDGE, Plaintiff,**

v.

**TOYOTA MOTOR CREDIT, Defendant.**

**Bankruptcy No. BK 89–02301.
Adv. No. AP89–0221.**

United States Bankruptcy Court,
N.D. Alabama, W.D.

June 6, 1990.

John H. England, for debtor, plaintiff.

C. Stephen Alexander, Birmingham, Ala., for defendant.

## MEMORANDUM OF DECISION

GEORGE S. WRIGHT, Chief Judge.

This matter came before the Court upon the Debtor/Plaintiff's [JoAnn Griffin Rutledge] Complaint for Turnover of Property. The complaint was granted and the Creditor/Defendant, [Toyota Motor Credit] appealed. The creditor alleges that the collateral that was the subject of the complaint is not property of the debtor's estate. An appeal having been taken this Court hereby, in accordance with paragraph [7] of the Confirmation Order[1], makes the following findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

## FINDINGS OF FACT

Testimony revealed that in May of 1987 the debtor sought to purchase a Toyota Corolla from Toyota City. The debtor was unable to receive approved financing from Toyota Motor Credit so she enlisted her father, Ferman Griffin, to make an application for credit with Toyota Motor Credit. Ferman Griffin's application was approved and an Installment Sales Contract and Security Agreement was drafted listing Ferman D. Griffin as buyer of the car.[2]

The debtor testified that she was to make all the payments on the car. Payments were made by personal checks drawn on the debtor's credit union account and by money orders purchased by the debtor. There was no testimony presented by either the debtor or creditor that Ferman Griffin made any of the payments.

A down-payment of $450.00 was made by the debtor. The debtor also provided, as additional down-payment, a trade-in of a 1971 Ford LTD. The debtor transferred title of the 1971 Ford LTD to Toyota City contemporaneously with the purchase of the Corolla.

Insurance was obtained on the car through Ranger Insurance Company. The loss payee and lienholder was named as

---

**1.** The Confirmation Order provides that, "the Court reserves jurisdiction to make additional findings of fact and conclusions of law in the event of an appeal."

**2.** See Defendant's Exhibit 2.

Toyota Motor Credit. The insured was named as JoAnne Griffin Rutledge.[3]

The Defendant introduced into evidence a copy of the State of Alabama Certificate of Title. The certificate of title lists Toyota Motor Credit as first lienholder and Ferman D. Griffin as owner.

Testimony also revealed that in February of 1989 the debtor sought to have the installment sales contract refinanced. Toyota Motor Credit acquiesced and the contract was refinanced listing Toyota Motor Credit as creditor and Ferman Griffin as buyer. All payments made after the refinancing date were made by JoAnn Griffin Rutledge.

## ISSUE

The issue before this Court is whether the Toyota Corolla is property of the debtor's estate. The Court makes a finding of fact that although the bare legal title is in the father, that the debtor has an equitable interest in the car.

## CONCLUSIONS OF LAW

Bankruptcy Code Section 541 defines property of the estate as "all legal or *equitable interests* of the debtor in property as of the commencement of the case". (Underlining for emphasis).

The creditor argues that the certificate of title is *conclusive* evidence of ownership and that inasmuch as the certificate of title is in the name of Ferman Griffin the debtor has no interest in the car, thus the car cannot become property of the estate.

This Court notes Alabama Code Section 32–8–39(d) which provides:

A certificate of title issued by the department is *prima facie* evidence of the facts appearing on it. (Underlining for emphasis).

The official comment to Section 32–8–39(d) states that: "a certificate of title is only prima facie evidence of ownership, which can be contradicted by other evidence." *Government Employees Ins. Co.*

*v. Fulmer,* 376 So.2d 748 (Ala.Civ.App. 1979); (bill of sale from seller who did not have any title in vehicle was insufficient to overcome prima facie evidence of ownership established by certificate of title); *City Car Sales, Inc. v. McAlpin,* 380 So.2d 865 (Ala.1980); (bill of sale insufficient to overcome unbroken chain of title); *Eleven Autos. v. State ex rel. Graddick,* 384 So.2d 1129 (Ala.Civ.App.1980); (as to pre–1975 vehicles, evidence of a sale to an individual and that individual's exercise of control and dominion over the vehicle is sufficient to establish ownership); *Congress Finance Company v. Funderburk,* 416 So.2d 1059 (Ala.Civ.App.1982) (rebuttal of prima facie evidence of ownership *not* overcome); *Murray v. Dempsey,* 521 So.2d 1345 (Ala. Civ.App.1988) (rebuttal of prima facie evidence of ownership *proved*).

The case at bar is replete with evidence attempting to establish ownership. The debtor asserts that since she made all payments on the car, made the down-payment and trade-in, was listed as insured on a policy of insurance, negotiated a refinancing, and was in possession of the car, that she and not Ferman Griffin is the owner and thus the car should become property of the estate.

At least one other Bankruptcy Court has had to address the issue of ownership. *In re B & P Distributors, Inc.,* 1 B.R. 426 (Bkrtcy.E.D.Pa.1979). Bankruptcy Judge Emil F. Goldhaber ruled that although title to an automobile was in an individual's name, the actual owner of the auto was a corporation. B & P Distributors, Inc. was a bankrupt engaged in the wholesale carpet and floor covering business. The bankrupt purchased two automobiles for use by the president and vice-president of the corporation. The installment loan security agreement listed B & P Distributors as purchaser. The president and vice-president were listed as owners on the certificate of title. Monthly loan payments were made by the bankrupt corporation. Judge Goldhaber, relying on a New Jersey statute providing

---

**3.** The insurance binder listed both JoAnne Griffin and Ferman D. Griffin as drivers of the car.

See Debtor's Exhibit 1.

**346**

that the certificate of title is not the sole determinant of ownership, held that the autos were purchased, paid for, and used by the bankrupt corporation and were thus property of the estate. The Court also indicated that it had recently ruled on a similar case, *In re Robert A. Newman*, 5 BCD 789 (E.D.Pa.1979), wherein, "evidence which established that a bankrupt made all payments on and retained control of an automobile purchased for his benefit was sufficient to prove that he was the true owner, despite the fact that the title of the vehicle was in his wife's name." *B & P Distributors*, 1 B.R. at 428.

Five years later in the case of *In re Potter's Landscape Nursery, Inc.*, 44 B.R. 198 (Bkrtcy.E.D.Pa.1984) Judge Goldhaber reaffirmed his holding in *B & P Distributors*. In *Potter's*, Judge Goldhaber held that a Pennsylvania certificate of title does not necessarily establish ownership of a vehicle. Title was in the name of an individual, however, the landscaping corporation listed the vehicle as an asset on its tax return, made loan and insurance payments on the vehicle, maintained the vehicle, and had insurance on the vehicle placed in the corporation's name. These facts were sufficient to establish ownership of the vehicle in the corporation.

In *American Hardware Mutual Insurance Co. v. Muller*, 98 N.J.Super. 119, 236 A.2d 182 (1967) the Superior Court of New Jersey Chancery Division held that the true owner of an automobile may be one other than the holder of legal title to the vehicle. In *Muller* a father was unable to obtain financing for an automobile that was part of a floor plan arrangement so he transferred title to the auto to his son who was able to obtain financing. Payments and upkeep were made by the father. Control of the car was also retained by the father. These facts were sufficient to establish ownership in the father and not the son who was legal title holder.

## CONCLUSION

Inasmuch as Alabama Code Section 32–8–39(d) provides that a certificate of title is only prima facie evidence of ownership,

this Court has looked to other evidence to establish ownership. The debtor has made all payments on the car (where the Creditor accepted all payments directly from debtor by debtor's personal checks), made a downpayment on the car; transferred title on a trade-in car to the creditor, placed insurance on the car in her name (where the Creditor accepted an insurance binder showing the debtor as the insured and the Creditor as loss payee); negotiated a refinancing of the car with the Creditor, and has remained in possession of the car. These facts are sufficient to establish at a minimum an equitable interest or ownership in the name of JoAnne Griffin Rutledge thus making the car property of the estate and subject to a Turnover Order.

DONE AND ORDERED.