State Farm Mutual Automobile Insurance Company ("State Farm") filed a declaratory judgment action against Don Crowley, seeking a resolution of coverage questions under a policy of insurance issued to Crowley. The coverage questions regarded an alleged theft loss of a 1981 Jaguar XJ6 automobile ("the vehicle"). By agreement in open court, the parties stipulated as to the exhibits and the nature and substance of the testimony of the witnesses. Based on that stipulation, the trial court held that "[Crowley] never had title to or ownership of the [vehicle] which was the subject of his claim and, therefore, there was no insurance coverage for theft loss on such [vehicle]." Crowley filed post-judgment motions (a motion for judgment notwithstanding the verdict, pursuant to Rule 50(b), Ala.R.Civ.P; a motion for new trial, pursuant to Rule 59(a); a motion to alter, amend, or vacate, pursuant to Rule 59(e); and a motion for a finding of facts, pursuant to Rule 52), all of which the trial court denied. Crowley appealed. We reverse and remand.
Crowley contends that the trial court erroneously held that, because he did not have a certificate of title, he did not own the vehicle and therefore had no coverage.
State Farm contends that the trial court correctly held that there was no coverage because, it contends, Crowley did not present sufficient proof that he owned the vehicle, especially in light of the fact that Crowley failed to show that his name appeared on a certificate of title.
The issue for our review is whether the trial court erred in holding that Crowley did not "own" the vehicle. We are not asked to decide, and we do not decide, whether there was a loss covered by the policy of insurance. Because the trial court decided this case based on documentary evidence and stipulations by the parties, the ore tenus rule does not apply; therefore, there is no presumption of correctness *Page 55 
afforded the trial court's holding. See Craig Construction Co.v. Hendrix, 568 So.2d 752 (Ala. 1990).
There is no need to set out all the evidence before the trial court, but we note the following:
State Farm issued a policy of insurance to Crowley that remained in effect at all times relevant to this appeal. The policy included comprehensive coverage for any loss to Crowley's vehicle caused by theft, with the comprehensive coverage extending to a "newly acquired car," which was defined as "a car newly owned by" the insured. Mike Cohen of Mike's Auto Sales purchased the vehicle from Bart Starr Motors, Inc. ("Bart Starr"), for $6,100. Thereafter, Crowley purchased the vehicle from Cohen for $12,750. Crowley then sold the vehicle to Al Locke for $13,500. When the payment checks from Locke to Crowley (one for $6,800 and one for $6,700) were returned unpaid because of insufficient funds, Crowley filed criminal charges against Locke alleging theft. Subsequently, Crowley made a theft claim with State Farm under the policy provision relating to a "newly acquired car." State Farm denied coverage after it had determined that Crowley had never owned the vehicle.
The undisputed evidence established that Crowley had no certificate of title. The evidence also, however, established the existence of a written bill of sale for the vehicle from Cohen to Crowley; a physical transfer of the vehicle from Cohen to Crowley; the recorded statements that Crowley gave to State Farm seeking coverage under the policy provision for coverage of a "newly acquired car"; and the subsequent sale of the vehicle by Crowley to Locke and Crowley's receipt of payment checks, albeit drawn on an account with insufficient funds, from Locke.
Pursuant to Ala. Code 1975, § 32-8-39(d), "[a] certificate of title issued by [the Department of Revenue] is prima facie evidence of the facts appearing on it." However, a certificate of title is not conclusive evidence of ownership, because ownership can be established by other evidence. See GovernmentEmployees Insurance Co. v. Fulmer, 376 So.2d 748
(Ala.Civ.App. 1979); City Car Sales, Inc. v. McAlpin, 380 So.2d 865
(Ala.Civ.App. 1979), cert. denied, 380 So.2d 869 (Ala. 1980); see, also, Murray v. Dempsey, 521 So.2d 1345 (Ala.Civ.App. 1988); Congress Finance Corp. v. Funderburk, 416 So.2d 1059
(Ala.Civ.App. 1982); Eleven Automobiles. v. State ex rel.Graddick, 384 So.2d 1129 (Ala.Civ.App. 1980). Therefore, of necessity, the absence of ownership indicated by the absence of a certificate of title, as in this case, can be rebutted by other evidence of ownership. For example, ownership or a transfer of ownership can be established by evidence of a party's taking possession of the vehicle; by evidence of a bill of sale that manifests an intent to sell and transfer the vehicle and to grant dominion and control over it; and by evidence of a transfer of money for the vehicle. See, e.g., TheHartford Insurance Group v. State Farm Mutual Ins. Co.,372 So.2d 1303 (Ala. 1979) (bill of sale sufficient evidence of ownership).
In this case, although it is undisputed that Crowley did not have a certificate of title, the evidence established a transfer of ownership to him. State Farm could have restricted coverage pertaining to "a newly acquired car" to those vehicles as to which the insured had a certificate of title. However, State Farm did not so restrict coverage. Rather, the dispositive restrictive word in the provision at issue in this case was the word "owned."
In our opinion, the evidence established that Crowley "owned" the vehicle. Therefore, we reverse the judgment and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, CJ., and MADDOX, SHORES and KENNEDY, JJ., concur. *Page 56