ROBERTSON, Presiding Judge.
This is a condemnation proceeding.
The State of Alabama, through its district attorney for the Fifteenth Judicial Circuit, petitioned the Montgomery County Circuit Court for the condemnation and forfeiture of a 1986 Honda Prelude automobile, pursuant to § 20-2-93, Ala.Code 1975. The automobile was in the possession of Michael Shane Sweatt when it was seized by the Montgom *19 ery Police Department. The owner of the automobile was Phillip Lee Clapp.
The case was submitted to the trial court on a motion for summary judgment filed by Clapp. On October 4, 1994, the trial court granted Clapp’s motion for summary judgment and entered a judgment in favor of Clapp and directed the State to return the automobile to Clapp. The trial court’s judgment stated in pertinent part as follows:
“The subject matter of this controversy is a Honda Prelude automobile VIN JHMBB5231GC-034205. The automobile was seized from Michael Shane Sweatt by Montgomery Police on June 16, 1993. Michael Shane Sweatt is the stepson of Defendant Philip Lee Clapp. The certificate of title issued by the State of Alabama shows that Philip Lee Clapp is the owner of the automobile. Uncontroverted evidence also shows that Philip Lee Clapp did not have knowledge of nor did he give consent to the commission or omission of any act or omission subjecting the property to forfeiture and that he could not have obtained, by the exercise of reasonable diligence, knowledge of the intended use of the property so as to have prevented such use.
“A certificate of title is prima facie evidence of ownership. Ala.Code § 32-8-39(d) (1975). Although a certificate of title is not conclusive, it establishes a prima facie case of ownership and, in this case, shifts the burden of proof to the State to present substantial evidence to rebut that prima facie case. Lee v. City of Gadsden, 592 So.2d 1036 (Ala.1992).
“The State cites two cases in opposition to the Defendant’s motion. In Crowley v. State Farm Mut. Auto. Ins. Co., 591 So.2d 53 (Ala.1991), Crowley claimed ownership of a car, but did not have a certificate of title. The evidence established that Crowley had done all of the following: he bought the car from another person; he executed a written bill of sale; he took possession of the vehicle; he sought insurance coverage for the car as a ‘newly ae-quired car’; and, ultimately, he sold the vehicle to [a] third person. The question in Crowley was whether Crowley had ‘owned’ the car from the time he bought it until the time he sold it for purposes of his insurance. In the second case cited by the State, Winstead v. State, 375 So.2d 1207 (Ala.Civ.App.1979), there was evidence that the mother had made a gift of the automobile to her son.
“In the present case, there is absolutely no evidence of any sales transaction between Mr. Clapp and his stepson. Likewise, there is no evidence that Mr. Clapp intended to make a gift of the automobile to his stepson. The State has submitted the transcript of Michael Shane Sweatt’s statement to a police officer in which he referred to the car as ‘his car.’ Those references were not made in response to questions about ownership, but, rather, were made during the course of Michael Shane Sweatt’s description of when and where certain activities took place. It is worth noting that another person, Michael Fuller, when interviewed by the police, stated that Michael Shane Sweatt’s stepfather is the owner of the vehicle. The State has also offered the affidavit[1] of the police officer who interviewed Michael Shane Sweatt. Although the affidavit says that Michael Shane Sweatt stated he was the owner of the vehicle and had exclusive control of the vehicle, those statements are not found in the transcript and are not substantial evidence to rebut the certificate of title.
“The State of Alabama has produced no evidence to controvert the statements made by Mr. Clapp in his affidavit that he did not have knowledge of nor did he give his consent to the commission or omission of any act or omission subjecting the property to forfeiture. Nor has the State offered any evidence, outside the allegations of the complaint, that Mr. Clapp could have obtained, by the exercise of reasonable diligence, knowledge of the intended *20 use of the property so as to have prevented such use.
“Therefore, the Court finds there is no genuine issue as to any material fact concerning whether Defendant Philip Lee Clapp is an ‘innocent owner’ within the meaning of Ala.Code § 20-2-93(h) (1975). Defendant Philip Lee Clapp has met his burden of establishing the innocent owner defense and the State has failed to produce substantial evidence to establish a genuine issue of fact as to Mr. Clapp’s innocence or ownership. Therefore, summary judgment is appropriate in favor of Defendant Philip Lee Clapp.”
The trial court made the summary judgment final, pursuant to Rule 54(b), Ala.R.Civ.P.
The State appeals, contending that there exist factual questions concerning ownership of the automobile and knowledge of the alleged offense.
At the outset, we note that § 20-2-93, Ala.Code 1975, is penal in nature and must be strictly construed. Agee v. State ex rel. Galanos, 627 So.2d 960 (Ala.Civ.App.1993). We further note that a reviewing appellate court employs the same standard utilized by the trial court when reviewing a summary judgment. Southern Guaranty Ins. Co. v. First Alabama Bank, 540 So.2d 732 (Ala.1989). A summary judgment is proper when “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of taw.” Rule 56(c)(3), Ala.R.Civ.P. Like the trial court, the appellate court views the evidence and resolves all reasonable doubts in favor of the nonmovant. Specialty Container Mfg., Inc. v. Rusken Packaging, Inc., 572 So.2d 403 (Ala.1990). The burden is on the movant to show that there exists no genuine issue of material fact; however, once a party moving for summary judgment establishes a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmovant to rebut the prima facie showing. McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957 (Ala.1992).
After a careful review of the record, we find that Clapp met his burden of proof and that the State failed to rebut Clapp’s prima facie showing that there existed no genuine issue of material fact and that Clapp was entitled to a judgment as a matter of law. Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.

. This court notes that the affidavit of J.H. Hanna contained in the record on appeal was signed; however, it was not notarized.