James A. Nelson, Jr., was involved in an accident when the vehicle he was driving collided with a 1989 Dodge Dakota truck driven by Gregory E. Morris, an employee of D.M. Kennedy and Associates, Inc. ("Kennedy and Associates"). Nelson sued Morris, Kennedy and Associates, and State Farm Mutual Automobile Insurance Company ("State Farm"), Nelson's automobile liability insurer. In that action Nelson alleged claims of negligence and wantonness against Morris and Kennedy and Associates, and an underinsured motorist claim against State Farm.
Nelson later brought a declaratory judgment action against The Cincinnati Insurance Company ("Cincinnati"), which provided liability coverage for motor vehicles owned by Kennedy and Associates. Nelson contended that Kennedy and Associates owned the truck driven by Morris and that, pursuant to the Cincinnati policy with Kennedy and Associates, Cincinnati was required to provide coverage for the accident. Cincinnati argued that the truck was owned by Morris; if it was, then Cincinnati would have no liability under the policy. State Farm and Motors Insurance Corporation ("Motors"), a company providing underinsured motorist liability coverage on the "loaner car" Nelson was driving at the time of the accident, filed third-party complaints for a declaratory judgment against Cincinnati, also contending that Cincinnati's policy provided coverage for the accident. After conducting an ore tenus proceeding, the trial court determined that Kennedy and Associates owned the truck and that the Cincinnati policy provided coverage for the accident. It entered a judgment against Cincinnati on the declaratory actions filed by Nelson, State Farm, and Motors. Cincinnati appeals.
The dispositive issue is whether Morris or Kennedy and Associates was the owner of the truck for purposes of determining Cincinnati's liability under Kennedy and Associates' insurance policy.
A presumption of correctness attaches to a trial court's judgment based on findings of fact after the court has heard oral testimony without a jury; this is the "ore tenus" rule. However, that rule has no application in this case, because the facts are not in dispute. Therefore, the trial court's judgment is not entitled to any presumption of correctness. Parker v.Barnes, 519 So.2d 945 (Ala. 1988).
In 1989, Kennedy and Associates purchased the truck from Chrysler Finance Corporation ("Chrysler"). The truck was used in Kennedy and Associates' business. In June 1992, D.M. Kennedy, the president of Kennedy and Associates, offered to sell the truck to Morris, who was an electrician employed by Kennedy and Associates. Morris agreed to purchase the truck by taking up the payments remaining on Kennedy and Associates' note to Chrysler. Morris made the payments to Kennedy and Associates, which in turn sent the payments to Chrysler. From July 1992 until December 1992, Morris made the payments; however, in January and February 1993, Morris did not make the payments, because of financial problems arising after his January 8, 1993, accident with Nelson. Kennedy and Associates made the January and February payments for Morris, and Morris paid Kennedy for the missed payments through "[c]ash and hours worked." After the accident, Morris sold the truck for scrap and used a portion of the proceeds to make a final payment to Kennedy and Associates.
Although Morris was in possession of the truck from July 1992 until the accident, Kennedy and Morris never executed a bill of sale. Kennedy and Associates remained listed as the owner on the truck's certificate of title. Although Morris was making the payments to Kennedy, the Chrysler loan documents continued to list Kennedy and Associates as the purchaser of the truck; Morris's name *Page 541 
was not added to the loan documents. Kennedy and Associates remained solely liable on the promissory note to Chrysler. When the license plate on the truck was due for renewal, D.M. Kennedy paid for the renewal, although Morris repaid him for the renewal cost. Kennedy and Associates listed the truck as an insured vehicle on its insurance policy with Cincinnati, both before and during Morris's possession of the vehicle, and Morris never obtained insurance in his name on the truck. During Morris's possession of the truck, Kennedy and Associates continued to claim the truck among its corporate assets.
There is no need to set out the specific policy provisions regarding coverage in this case. It is not disputed that the Cincinnati policy provides coverage if Kennedy and Associates owned the truck at the time of the accident. Therefore, we must examine our case law and the evidence of incidences of ownership in this case to determine whether the trial court erred in finding that Kennedy and Associates owned the truck.
In Alabama, as in many other states, a certificate of title on a motor vehicle establishes a prima facie title for the person or business whose name appears on the certificate. Ala. Code 1975, § 32-8-39(d); 14 Blashfield Automobile Law andPractice § 467.54 (3d ed. 1969). This is not conclusive proof, however, and the ownership of the vehicle may be proved by other evidence. Eleven Automobiles v. State ex rel. Graddick,384 So.2d 1129 (Ala.Civ.App. 1980); Crowley v. State Farm Mut.Auto. Ins. Co., 591 So.2d 53 (Ala. 1991). In Crowley, the Court noted:
 "[T]he absence of ownership indicated by the absence of certificate of title . . . can be rebutted by other evidence of ownership. For example, ownership or a transfer of ownership can be established by evidence of a party's taking possession of the vehicle; by evidence of a bill of sale that manifests an intent to sell and transfer the vehicle and to grant dominion and control over it; and by evidence of a transfer of money for the vehicle."
591 So.2d at 55.
We hold that Cincinnati failed to rebut the prima facie showing that Kennedy and Associates owned the truck. Although Morris possessed the truck from July 1992 until the accident and made payments to Kennedy for the truck, the certificate of title continued to list Kennedy and Associates as the owner. While the title is only prima facie evidence of ownership,Crowley, supra, other evidence also indicated that Kennedy and Associates owned the truck. As has been noted above, Kennedy and Associates had executed no bill of sale. The Chrysler loan documents made no mention of Morris, while listing Kennedy and Associates as the purchaser of the truck. Although Morris stated that he repaid D.M. Kennedy for the license plate for the truck, Kennedy and Associates remained as the registered owner. Kennedy and Associates retained a Cincinnati insurance policy listing the truck as an insured vehicle, and Morris did not insure the vehicle in his name. Kennedy and Associates also listed the truck as one of its corporate assets.
In this case, the evidence required a finding that Kennedy and Associates owned the truck. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
ALMON, SHORES, COOK, and BUTTS, JJ., concur.