THOMPSON, Judge.
On March 28, 2002, Samuel Raviv sued Hanover Insurance Company (“Hanover”), Geico General Insurance Company (“Gei-co”), and Family Car Center, Inc., in the Jefferson Circuit Court (“the trial court”), alleging a breach-of-contract claim against all of the defendants and a bad-faith failure-to-pay-insurance-proceeds claim against Hanover; Family Car Center was dismissed as a defendant, and Raviv settled his claim against Geico. On November 15, 2002, Hanover filed a motion for a summary judgment. On January 2, 2003, the trial court granted Hanover’s motion for a summary judgment. Raviv timely appealed from that judgment.
The standard of review applicable to a summary judgment is the same as the standard for granting a summary-judgment motion. In reviewing a summary judgment, this court must review the record in the light most favorable to the nonmoving party and must resolve all reasonable doubts concerning the existence of a genuine issue of material fact against the moving party. Cook v. AFC Enters., Inc., 826 So.2d 174, 176 (Ala.Civ.App.2002) (citing Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990)). The standard for granting summary judgment has been stated as follows:
“A summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, Ala. R. Civ. P.; Bussey v. John Deere Co., 531 So.2d 860 (Ala.1988). ‘When the movant makes a prima facie showing that those two conditions are satisfied, the burden shifts to the non-movant to present “substantial evidence” creating a genuine issue of material fact.’ Ex parte Alfa Mut. Gen. Ins. Co., 742 So.2d 182, 184 (Ala.1999). ‘[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).”
Bain v. Gray, 835 So.2d 1034, 1037 (Ala.Civ.App.2002).
On March 22, 2001, Raviv was struck in the rear of the vehicle he was driving by a drunk driver. At the time of the accident, Raviv was test-driving a Toyota 4Runner sport-utility vehicle with the permission of Tim Groover, an employee of Executive Auto Sales (“Executive”).
Shortly before the accident, Raviv was referred to Groover, who agreed to assist him in his search for an automobile. Following their introduction, Raviv received a telephone call from Groover who had located a Toyota 4Runner (“the Toyota”) owned by Family Car Center that was in Raviv’s price range. On March 15, 2001, Joe South, an automotive dealer for Family Car Center, allegedly agreed to sell the Toyota to Executive for $19,000; Executive took possession of the Toyota that day.
Joe South submitted an affidavit to the trial court. According to South, he sold the Toyota to Executive for $19,000 on March 15, 2001. At that time, South relinquished possession of the Toyota and the keys to the vehicle to Groover. South stated that no documents were signed and no payment was made at that time because he had recently purchased the Toyota on behalf of Family Car Center from another dealer, and, therefore, he did not have the title documents to the vehicle. South claimed that it is a common practice for the seller of an automobile to forego payment until the automobile’s title is con *242 firmed. According to South, the car was sold on March 15, 2001, even though the exchange of the purchase money and the title did not occur until several days after the actual sale.
On March 29, 2001, after the accident with the drunk driver, Raviv filed a claim with the drunk driver’s insurance company, ALFA Insurance Company (“ALFA”), for the property damage to the Toyota. The Limbaugh Toyota Collision Center estimated the amount of the damage to the Toyota at $1,424.62. On April 2, 2001, ALFA issued an insurance check in the amount of $1,424.62 to “Samuel G. Raviv and Derek B. Simms, Attorney at Law,” for the property damage to the Toyota. In his affidavit, Raviv stated that all of the insurance proceeds from ALFA were given to Groover and Executive. Raviv claims that he did not receive any of the ALFA insurance proceeds.
At the time of Raviv’s accident, Family Car Center’s automobiles were insured by an automobile insurance policy issued by Hanover; that policy provided automobile-liability insurance and uninsured-motorist coverage. Raviv contended that Family Car Center was the owner of the Toyota and he sought underinsured-mo-torist insurance proceeds as a third-party beneficiary from Hanover for injuries he sustained during the accident. Raviv presented the trial court with an assignment-of-title document showing that Family Car Center was the registered owner of the Toyota as of March 14, 2001. Hanover denied Raviv’s underinsured-motorist claims, alleging that Family Car Center was not the owner of the Toyota at the time of the accident.
In a brief to the trial court, Hanover stated that there was an agreement between Family Car Center and Executive under which Executive was to purchase the Toyota on March 15, 2001; Hanover claims this agreement is evidenced by a bill of sale and by Executive’s payment of the purchase price of the Toyota on March 27, 2001, five days after the accident. Therefore, Hanover refused to pay Raviv’s underinsured-motorist claim because, it contended, the Toyota was legally owned by Executive and not by Family Car Center, its insured.
In its summary-judgment order, the trial court determined that Family Car Center did not own the Toyota at the time of the accident involving Raviv. The trial court relied on Auto-Owners Insurance Co. v. Delude, 827 So.2d 806 (Ala.Civ.App.2001), which states that ownership of a vehicle can be established by evidence that a party has taken possession of a vehicle, that a party has dominion and control over a vehicle, and that a transfer of money for the vehicle has occurred. The trial court did not elaborate upon its application of the law to the facts set forth before the trial court. The trial court did, however, find that Executive and Family Car Center had reached an agreement concerning the sale of the Toyota and that Executive had taken possession of the Toyota pursuant to that agreement. The trial court also relied upon Executive’s payment of the $19,000 purchase price after the accident as evidence that Executive was the owner of the car at the time of the accident.
On appeal, Raviv argues that there is substantial evidence to create a material issue of fact as to whether Family Car Center was the owner of the Toyota at the time of the accident and as to whether the Toyota was insured by Family Car Center’s insurance policy with Hanover. Section 32-8-39(d), Ala.Code 1975, states that a certificate of title to a motor vehicle establishes prima facie evidence of the facts appearing on the face of that certificate. However, the information contained *243 on the certificate of title is subject to scrutiny by contradicting evidence. Cincinnati Ins. Co. v. Nelson, 668 So.2d 539 (Ala.1995); Eleven Automobiles v. State, 384 So.2d 1129 (Ala.Civ.App.1980); Crowley v. State Farm Mut. Auto. Ins. Co., 591 So.2d 53 (Ala.1991).
In Crowley, our Supreme Court noted: “[T]he absence of ownership indicated by the absence of a certificate of title ... can be rebutted by other evidence of ownership. For example, ownership or a transfer of ownership can be established by evidence of a party’s taking possession of the vehicle; by evidence of a bill of sale that manifests an intent to sell and transfer the vehicle and to grant dominion and control over it; and by evidence of a transfer of money for the vehicle.”
591 So.2d at 55.
The record does not support the trial court’s conclusion that there were no issues of material fact. Raviv has presented a Louisiana certificate of title that lists World Omni Financial Corporation (“Omni”) as the registered owner of the Toyota and Alabama Holding Corporation as the trustee for Omni. Raviv also introduced an assignment-of-title document showing that the title was transferred to Family Car Center on March 14, 2001. The certificate of title and the assignment-of-title document are prima facie evidence that Omni was the owner of the Toyota and that its ownership was transferred to Family Car Center before the accident.
Family Car Center presented evidence that Executive had possession of the car and that Executive had already agreed to purchase the Toyota from Family Car Center before the accident occurred. The undisputed evidence indicates that Executive paid Family Car Center the $19,000 purchase price five days after the accident, as indicated by the bill of sale. Family Car Center has presented evidence that Executive had the intent to buy the vehicle and had already taken possession of the Toyota at the time of the accident. See Crowley v. State Farm Mut. Auto. Ins. Co., supra.
Raviv introduced an assignment-of-title document that establishes that Family Car Center purchased the Toyota before the accident, and he introduced a bill of sale that indicates that Executive did not purchase the Toyota from Family Car Center until five days after the accident. Viewing the facts in the light most favorable to the nonmovant, we hold that Raviv has introduced substantial evidence indicating that there was a genuine issue of material fact as to whether Executive or Family Car Center was the owner of the Toyota at the time of the accident. See Hanners v. Balfour Guthrie, Inc., supra. The trial court erred in determining that there was no genuine issue of material fact in dispute. Therefore, the judgment of the trial court is reversed.
The sole issue addressed in this opinion is the propriety of the summary judgment. It should be noted that we are not commenting on the ultimate disposition of this case. We are merely concluding that summary judgment is not proper at this stage.
REVERSED.
YATES, P.J., and CRAWLEY, PITTMAN, and MURDOCK, JJ., concur.