BRYAN, Judge.
The defendants Charles Brown (“Charles”) and Jennifer Brown (“Jennifer”) appeal a judgment in favor of the plaintiff Gina Tarver in the amount of $925.00. We reverse and remand.
After he was paralyzed in an accident, David Brown (“David”), who was the son of Charles and the father of Jennifer, hired Tarver to take care of him in exchange for a payment of $925.00 per month. The checks Tarver received in payment for taking care of David were drawn on a checking account on which David and his friend Sheila Simersky were the signatories. Neither Charles nor Jennifer were signatories on that account. After David died, Tarver presented for payment the last $925.00 check (“the check”) she had received for taking care of David; however, the bank would not honor the check because a stop-payment order had been placed on the check. The only evidence in the record regarding the identity of the person who placed the stop-payment order on the check was Charles’s trial testimony that his wife had done it.
After the bank refused to honor the check, Tarver, acting pro se, sued Charles and Jennifer in the Montgomery District Court and alleged that they were liable to her for $5,000.00 because, she claimed, they had wrongfully stopped payment of the check. The district court entered a default judgment in favor of Tarver and against Charles and Jennifer in the amount of $1,500.00, and Charles and Jennifer appealed to the Montgomery Circuit Court for a trial de novo.
Following a bench trial at which ore tenus evidence was introduced, the circuit court, without explaining its rationale, entered a judgment in favor of Tarver and against Charles and Jennifer in the amount of $925.00. Thereafter, Charles and Jennifer timely appealed to this court.
On appeal, Charles and Jennifer argue that the circuit court’s judgment is unsupported by the evidence. We agree. Although the circuit court’s judgment was based on ore tenus evidence, the circuit court’s judgment is not entitled to a presumption of correctness because the facts were not in dispute. See, e.g., Cincinnati Insurance Co. v. Nelson, 668 So.2d 539 (Ala.1995). In Nelson, the supreme court explained:
“A presumption of correctness attaches to a trial court’s judgment based on findings of fact after the court has heard oral testimony without a jury; this is the ‘ore tenus’ rule. However, that rule has no application in this case, because the facts are not in dispute. Therefore, the trial court’s judgment is not entitled to any presumption of correctness. Parker v. Barnes, 519 So.2d 945 (Ala.1988).”
668 So.2d at 540. Tarver did not introduce any evidence establishing that Charles or Jennifer had a contractual obligation to pay Tarver the $925.00 or that Charles or Jennifer placed the stop-payment order on the cheek. Therefore, the circuit court’s judgment is not supported by the evidence. Accordingly, we reverse the circuit court’s judgment and remand the case to the cir *403 cuit court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON and MURDOCK, JJ., concur.
CRAWLEY, P.J., and PITTMAN, J., concur in the result, without writing.